IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CARLOS MORRIS,

    Petitioner,

v.                                                                                                       No. 1:20-cv-01076-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Carlos Morris,[1] has filed a pro se motion to vacate, set aside, or correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) The Petition is before the Court for preliminary review. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b). For the following reasons, the Petition is DENIED.

BACKGROUND

In February 2010, the federal grand jury for the Western District of Tennessee returned a two-count indictment charging Morris with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (*United States v. Morris*, No. 1:10-cr-10016-JDB-1 (W.D. Tenn.) ("No. 1:10-cr-10016-JDB-1"), D.E. 4.) The Defendant subsequently pleaded guilty to both counts of the indictment. (*Id.*, D.E. 32.)

The Presentence Report advised that Morris was a career offender under § 4B1.1 of the United States Sentencing Commission *Guidelines Manual* ("U.S.S.G." or "Guidelines"), based on

---

[1] The Court will refer to Morris as the "Defendant" in its discussion of the underlying criminal case.

three Tennessee convictions for possession of cocaine with intent to deliver or sell. (Presentence Report ("PSR") ¶¶ 25, 42, 43, 45.) The advisory Guidelines range was determined to be 188 to 235 months' incarceration. (*Id.* ¶ 87.) At sentencing, the Court found that the Defendant was a career offender based on "at least two" of his prior convictions and imposed a sentence of 188 months' imprisonment on each count, to run concurrently, and four years of supervised release. (No. 1:10-cr-10016-JDB-1, D.E. 112 at PageID 273.) Defendant took an unsuccessful direct appeal. (*Id.*, D.E. 134.)

## DISCUSSION

The inmate filed the Petition on April 3, 2020. His sole claim is that he no longer qualifies as a career offender under the Guidelines after the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir.) (en banc) (per curiam), *recons. denied*, 929 F.3d 317 (6th Cir. 2019). The claim must be dismissed because it is not properly before the Court.

The Tennessee statute under which Petitioner's career offender predicates arose provides in pertinent part that "[i]t is an offense for a defendant to knowingly . . . [p]ossess a controlled substance with intent to manufacture, deliver or sell the controlled substance." Tenn. Code Ann. § 39-17-417(a)(4). Under U.S.S.G. § 4B1.1, a defendant is a career offender if, among other things, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is defined as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

In *Havis*, the Sixth Circuit, sitting en banc, "decided that [the defendant's] Tennessee conviction for delivery of a controlled substance was *not* a controlled-substance offense under the guidelines." *United States v. Garth*, 965 F.3d 493, 496-97 (6th Cir. 2020) (emphasis in original) (citing *Havis*, 927 F.3d at 387). The court "reached that result because 'the parties agree[d] that the least culpable conduct' Tennessee delivery proscribes is 'attempted delivery,' but the guidelines' definition covers only the controlled-substance offenses listed in the definition (which are all completed crimes), not the attempted versions of those offenses listed in the Sentencing Commission's commentary." *Id.* (quoting *Havis*, 927 F.3d at 385, 387).

Petitioner cannot bring a claim under *Havis* to attack his career offender status. In *Bullard v. United States*, 937 F.3d 654 (6th Cir 2019), *cert. denied*, 2020 WL 2515775 (U.S. May 18, 2020) (No. 19-8199), the Sixth Circuit held that a claim under *Havis* is "best left for direct review."[2] *Bullard*, 937 F.3d at 661. Relying on its decision in *Snider v. United States*, 908 F.3d 183 (6th Cir. 2018), *cert. denied,* 139 S. Ct. 1573 (2019), the *Havis* court explained that

> [a] misapplication-of-an-advisory-guidelines-range claim is not cognizable under § 2255. Indeed, every circuit to look at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations. As a result, Bullard cannot use § 2255—or our decision in *Havis*—to attack collaterally his designation as career offender under the Sentencing Guidelines.

*Bullard*, 937 F.3d at 660-61 (internal alterations, citations, and quotation marks omitted).

Accordingly, the Petition's sole claim that Morris does not qualify as a career offender after *Havis* is DISMISSED as non-cognizable.[3] The Petition is DENIED.

---

[2]The record in Petitioner's criminal case shows that his direct appeal had not yet concluded at the time the Sixth Circuit issued its decision in *Havis* on June 6, 2019. (*See* No. 1:10-cr-10016-JDB-1, D.E. 134 (affirming sentence on July 10, 2019).)

[3]Even if the claim were properly before the Court it would be without merit. In a decision issued last month, the Sixth Circuit held that subsection (a)(4) of the Tennessee drug statute

3

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

---

describes "a completed crime, not an attempted one that *Havis* puts beyond the guidelines' reach." *Garth*, 965 F.3d at 497.

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[4]

IT IS SO ORDERED this 21st day of August 2020.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.